**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 15, 2013

LETTER TO COUNSEL:

    RE:    *Kevin Scott Weimer v. Commissioner, Social Security Administration*;
             Civil No. SAG-11-3446

Dear Counsel:

    On November 29, 2011, the Plaintiff, Kevin Scott Weimer, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 24). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Weimer filed his claim on August 14, 2008, alleging disability beginning on November 20, 2002.[1] (Tr. 134-38). His claim was denied initially on January 8, 2009, and on reconsideration on April 22, 2009. (Tr. 80-83, 88-89). A hearing was held on May 11, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-77). Following the hearing, on June 7, 2010, the ALJ determined that Mr. Weimer was not disabled during the relevant time frame. (Tr. 10-26). The Appeals Council denied Mr. Weimer's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Weimer suffered from the severe impairments of "status post right foot crush injury with right second transmetatarsal amputation, right foot neuropathic pain, obesity." (Tr. 15). Despite these impairments, the ALJ determined that Mr. Weimer retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift up to 10 pounds occasionally. He can stand and walk for approximately 2 hours and sit for approximately 6 hours, in an 8 hour work day, with normal

---

[1] Mr. Weimer later amended his onset date to July 15, 2008. (Tr. 29). Because his date last insured was December 31, 2008, he had to establish disability within that five and one-half month window to be eligible for benefits. (Tr. 15).

*Kevin Scott Weimer v. Commissioner, Social Security Administration*
Civil No. SAG-11-3446
January 15, 2013
Page 2

> breaks. Work must allow the claimant to sit or stand alternatively, at will, provided that he is not off task more than 10 percent of the work period. He can never climb ladders, ropes or scaffolds, operate foot controls with his right lower extremity, kneel or crawl. He can occasionally climb ramps or stairs, balance, stoop and crouch. He must avoid concentrated exposure to extreme cold, wetness and unprotected heights. He is limited to low stress jobs with simple, routine and repetitive tasks.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Weimer could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 21).

Mr. Weimer presents four arguments on appeal: (1) that the ALJ erroneously assigned weight to the opinions of his treating physician, Dr. Qarni; (2) that the ALJ's RFC findings were inadequately explained; (3) that the ALJ's adverse credibility finding was erroneous; (4) that the ALJ did not properly evaluate various listings and failed to consider obesity in connection with the listings. Each argument lacks merit.

First, Mr. Weimer suggests that the ALJ erred in assigning little weight to the opinions of his treating physician, Dr. Qarni. However, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Dr. Qarni had opined that Mr. Weimer could not walk 10 feet without rest, could not stand or walk at all, and needed a job that allowed sitting, standing, or walking at will, in addition to frequent, unscheduled breaks or rest for 30 to 45 minutes at a time. (Tr. 344-45). The ALJ specifically addressed Dr. Qarni's opinion, noting that she gave it limited weight "as the extreme limitations set forth in this assessment are not supported by her very limited treatment notes since the amended alleged onset date (Exhibit 3F), by the claimant's admitted activities of daily living, and the claimant's lack of continuing orthopedic or pain management medical care." (Tr. 20). The ALJ's opinion contains a detailed discussion of Mr. Weimer's medical records, the relative lack of medical records between September, 2008 and May, 2009 (which includes most of the relevant period for the disability analysis), and Mr. Weimer's activities of daily living.[2] (Tr. 18-19). I am readily able to discern, from the ALJ's evaluation, the reasons she chose to afford little weight to Dr. Qarni's opinion. I find the ALJ's assignment of weight to be supported by substantial evidence.

---

[2] Mr. Weimer suggests that Dr. Qarni's assessment is supported by the specialist Dr. Qarni referred Mr. Weimer to see, Dr. Clifford Jeng. Pl. Mot. 20-21. However, treatment notes reflect that Dr. Jeng saw Mr. Weimer on three occasions. On July 18, 2008, Dr. Jeng opined that Mr. Weimer "can continue to work and we will see him back in three to four weeks." (Tr. 284). On August 12, 2008, Dr. Jeng offered Mr. Weimer physical therapy, and he refused based on prior experience with physical therapy. (Tr. 281). Dr. Jeng told him he would not "be able to get back to work as of yet." *Id.* On September 2, 2008, Dr. Jeng noted that Lyrica has helped Mr. Weimer "significantly" and that he could "continue with activities as tolerated." (Tr. 280). Those treatment notes do not support the severe limitations suggested by Dr. Qarni.

Mr. Weimer's second argument is that the ALJ's determination of his RFC was inadequate. However, the ALJ provided a detailed synopsis of the medical evidence from Mr. Weimer's examining physicians and the state agency evaluators. (Tr. 18-20). The fact that the ALJ afforded little weight to certain medical evidence in determining Mr. Weimer's RFC does not invalidate the conclusions she reached, so long as her conclusions were based on substantial evidence. The ALJ's conclusion that Mr. Weimer could occasionally climb ramps or stairs was supported, not only by medical evidence, but by Mr. Weimer's own function report of March, 2009 stating that he can climb "a flight of steps." (Tr. 195). A careful review of the medical evidence demonstrates that the ALJ did not "mischaracterize" the evidence, as Mr. Weimer asserts. Pl. Mot. 25-27. Instead, the ALJ provided an accurate summary that did not include each detail from every medical report. Finally, Mr. Weimer contested the ALJ's determination that he was able to engage in activities of daily living. However, the evidence of record shows that Mr. Weimer engaged in activities of daily living that are consistent with the limited range of sedentary work suggested in the RFC. The detailed analysis provided by the ALJ provides ample substantial evidence to sustain her conclusion.

Third, Mr. Weimer contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. She determined that Mr. Weimer's medically determinable impairments "could reasonably be expected to cause the alleged symptoms." (Tr. 18). However, she did not find Mr. Weimer's testimony as to the intensity, persistence, and limiting effects of his symptoms to be credible. *Id.*

In her credibility analysis, the ALJ provided a summary of Mr. Weimer's hearing testimony, referring to "the pain that he describes." (Tr. 19). The ALJ also summarized the medical evidence and Mr. Weimer's reports of his activities of daily living. (Tr. 17-19). Specifically, the ALJ found that the records did not contain consistent treating records, did not contain records of compliance with medications and physical therapy, which would support an allegation of extreme pain, and did suggest activities of daily living that were inconsistent with the amount of pain alleged. (Tr. 19). In particular, the ALJ noted that Mr. Weimer "has declined medication and notably was on no medication when he returned for treatment in May 2009." (Tr. 19). The comprehensive analysis provided by the ALJ, particularly as to the relevant time frame in 2008, provides substantial evidence to support his credibility conclusion.

Mr. Weimer's final argument pertains to the ALJ's step three review of the applicability of various listings. The ALJ expressly noted that she considered "sections 1.00(Q), 1.04, 1.05, 1.06, 11.14, 12.04, and 12.09." (Tr. 16). Specifically, Mr. Weimer contends that the ALJ failed to adequately consider listings 1.02, 1.05, and 1.06 because he has an "inability to ambulate effectively." Pl. Mot. 37. "Ineffective ambulation is defined generally as having insufficient

*Kevin Scott Weimer v. Commissioner, Social Security Administration*
Civil No. SAG-11-3446
January 15, 2013
Page 4

lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b(1).  No evidence showed that Mr. Weimer needed to use a walker, cane, or other hand-held assistive device for ambulation.  Without evidence that Mr. Weimer was unable to ambulate effectively, the ALJ did not err in her consideration of listings 1.02, 1.05, and 1.06.[3]

There is no evidence in the record that suggests that Mr. Weimer's obesity alone or obesity combined with other impairments rises to the level of a listed impairment.  A review of Mr. Weimer's medical records reveals almost no discussion of his obesity and its impact on his ability to function.  The ALJ specifically stated that she reviewed 1.00Q (effects of obesity) and determined that no listing was met.  (Tr. 16).  Given the dearth of evidence in the record to support a finding that Mr. Weimer's obesity contributed to or equaled any listed disability, no further analysis was required.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 24) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[3] Moreover, the evidence does not demonstrate that Mr. Weimer meets the other criteria in Listings 1.02 (gross anatomical deformity of a joint, with chronic joint pain and stiffness), 1.05 (amputation at or above the tarsal region), or listing 1.06 (fracture with union not clinically solid).